John Kauffman (SBN 302422)
john.kauffman@lawhq.com
LawHQ, PC
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Watson Lee,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ConnectIQ Labs, Inc.,<br><br>　　　　Defendant. | Case No.: 5:23-cv-02316<br><br>CLASS ACTION COMPLAINT<br><br>Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls…. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Defendant ConnectIQ Labs, Inc. ("ConnectIQ Labs") has contributed to this barrage of telephone spam by initiating illegal text messages to Plaintiff Watson Lee ("Lee").

3. Lee wants this telephone spam to stop.

4. Lee brings this action individually, and on behalf of putative class members, to seek injunctive relief and damages.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C. § 227.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

## PARTIES

7. Plaintiff Watson Lee is a citizen of California.

8. Defendant ConnectIQ Labs, Inc. is a Delaware-registered corporation with its principal place of business in Redwood City, California.

## FACTUAL ALLEGATIONS

9. Lee's home, phone, and privacy have been invaded by ConnectIQ Labs' non-emergency text messages.

10. Lee is the residential subscriber of the cell phone number 213-252-8448. Lee uses this phone number at home. Lee makes and takes personal calls and text messages on this phone number.

11. Lee registered the number on the national Do Not Call Registry ("DNCR") on Augus 18, 2005.

12. ConnectIQ Labs has initiated text messages to Lee at least two times, including the following:

 i. **SMS from +14083510538 on Jul 28, 2022, at 4:28 pm UTC**
    Miles: Sweet! 5,000 bonus miles just for you. Claim them to bid on a gift card! https://app.getmiles.com/SWEET5K Reply STOP to unsubscribe

 ii. **SMS from +14083511639 on Aug 26, 2022, at 5:04 pm UTC**
    Miles: A special offer has arrived for you – grab 5,000 miles while it last! https://app.getmiles.com/TXTGIFT5K Reply STOP to unsubscribe

13. The text messages failed to identify the individual sending the messages or the name of the entity on whose behalf the messages were sent.

14. The two text messages sent to Lee contain the same URL that directs recipients to the website getmiles.com. The bottom of this website identifies ConnectIQ Labs as the owner of the websites.

15. On information and belief, ConnectIQ Labs sent these text messages to Lee.

16. The purpose of the text messages was to encourage Lee to download the "Miles" mobile app created by ConnectIQ which in turn encourages users to make purchases at places like Amazon. When making these purchases, users will earn points which they can then redeem at other merchants.

17. There are multiple indicia that ConnectIQ Labs initiated the text messages using an automated system that randomly or sequentially generated Lee's number. First, the text messages were generic and not personalized. Second,

3

the text messages to Lee were unsolicited. Third, Lee's counsel has multiple other clients who have received and reported these same unsolicited text messages from ConnectIQ Labs. Fourth, the text messages said, "Reply STOP to unsubscribe" which is not something people do when personally sending an SMS.

18. Lee never provided the number 213-252-8448 to ConnectIQ Labs, never had a relationship with ConnectIQ Labs, and never gave permission for ConnectIQ Labs to send any type of communication.

19. ConnectIQ Labs' text messages are a nuisance and annoyance to Lee. The text messages have invaded Lee's privacy. The spam has diminished the value of Lee's phone and Lee's enjoyment of life.

20. The text messages were especially intrusive, frustrating, and annoying to Lee because ConnectIQ Labs purposefully hid its identity. Lee had no idea who was spamming, whether the spammer was somebody whom Lee had previously told to stop, or whether it was safe for Lee to make a do-not-call request. By not disclosing ConnectIQ Labs' identity, ConnectIQ Labs knowingly tried to prevent Lee from monitoring and enforcing compliance with the TCPA.

## LEGAL STANDARD

21. **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the national DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

22. **Identification of Caller**. The TCPA requires telemarketers to disclose the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

23. **Automatic Telephone Dialing System**. The TCPA prohibits text messages to cell phones using an automatic telephone dialing system ("ATDS") except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1). Text messages that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

## CLASS ACTION ALLEGATIONS

24. Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Lee brings this action on behalf of all other persons similarly situated throughout the United States.

25. Lee proposes the following Classes:

**The DNCR Class**
All people in the United States (1) to whom ConnectIQ Labs initiated more than one telephone solicitation within any 12-month period, (2) to their cellular telephone number, (3) while their phone number was listed on the national Do Not Call Registry, (4) within the last four years from the filing of this action.

**The Failure to Identify Class**
All persons in the United States (1) to whom ConnectIQ Labs initiated more than one telemarketing call or text message within any 12-month period, (2) to their cellular telephone number, (3) without disclosing the name of the individual initiating the text messages and the name of the entity on whose behalf the text messages were made, (4) within the last four years from the filing of this action.

**The ATDS Class**
All people in the United States (1) to whom ConnectIQ Labs initiated one or more text messages to their cellular telephone, (2) using the same equipment or type of equipment utilized to initiate text messages to Lee, (3) within the last four years from the filing of this action.

26. Lee does not know the exact number of class members but reasonably believes the number to be in the thousands, thus making joinder of all class members impracticable.

27. Class members are identifiable through phone records and phone number databases.

28. There are questions of law and fact common to Lee and the class member including but not limited to:

   i. Whether ConnectIQ Labs initiated the text messages.

   ii. Whether ConnectIQ Labs' text messages violated the law.

   iii. Whether Lee and class members are entitled to statutory damages, trebled damages, and injunctive relief.

29. Lee's claims are typical of the claims of the class members. Lee's claims, like the class members' claims, arise out of the same common course of conduct by ConnectIQ Labs and are based on the same legal and remedial theories.

30. Lee is an adequate representative of the class because Lee's interests do not conflict with the interests of the class members, Lee will fairly and adequately protect the interests of the class members, and Lee is represented by counsel skilled and experienced in class actions, including TCPA class actions.

31. Common questions of law and fact predominate over questions affecting only individual class members.

32. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the damages are statutory. Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

33. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Illegal Solicitation of Persons on the DNCR**
**(On Behalf of Lee and the Do Not Call Class)**

34. ConnectIQ Labs violated 47 C.F.R. § 64.1200(c)(2) by initiating text messages to Lee and members of the DNCR Class while their phone numbers were on the DNCR.

35. Lee and members of the DNCR Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

36. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

37. The court should enjoin such violations. *Id.*

7

**SECOND CAUSE OF ACTION**
**Failure To Identify**
**(On Behalf of Lee and the Failure to Identify Class)**

38. ConnectIQ Labs violated 47 C.F.R. § 64.1200(d)(4) by initiating text messages to Lee and members of the Failure to Identify Class without disclosing the name of the individual initiating the text messages and the name of the person or entity on whose behalf the text messages were made.

39. Lee and members of the Failure to Identify Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

40. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

41. The court should enjoin such violations. *Id.*

**THIRD CAUSE OF ACTION**
**Illegal Use of an Automatic Telephone Dialing System**
**(On Behalf of Lee and the ATDS Class)**

42. ConnectIQ Labs violated 47 C.F.R. § 64.1200(a)(1)-(2) by using an ATDS to contact Lee and members of the ATDS Class.

43. Lee and members of the ATDS Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

44. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

45. The court should enjoin such violations. *Id.*

## RELIEF REQUESTED

Lee respectfully requests the Court grant the following relief:

A. Certification of the proposed Classes;

B. Appointment of Lee as class representative;

C. Appointment of the undersigned as lead counsel for the Classes;

D. Injunctive relief as set forth above;

E. An award of damages to Lee and class members, as allowed by law;

F. An award of fees, costs, and interest, as allowed by law; and

G. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Lee requests a jury trial as to all claims of the Complaint so triable.

DATED November 10, 2023

Respectfully submitted,

*/s/ John Kauffman*
John Kauffman